**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEO STOLLER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No.  12 C 4928 |
| v. | ) |
| | ) |
| THOMAS DART, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On May 22, 2012, Plaintiff Leo Stoller filed a twenty-count Third Amended Complaint in the Circuit Court of Cook County, Illinois, Law Division, alleging that Defendants had violated his constitutional rights, as well as state law claims.  On June 21, 2012, Defendants Cook County, Cook County Sheriff Thomas Dart, Cook County Department of Corrections (the "Cook County Defendants"), the Village of Elmwood ("Elmwood Park"), and the Village of River Grove ("River Grove"), along with the individual named Defendants, removed this lawsuit pursuant to the Court's original and supplemental jurisdiction.  *See* 28 U.S.C. §§ 1331, 1367(a).

Before the Court are River Grove's, Elmwood Park's, and the Cook County Defendants' motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court only addresses Defendants' challenges to Stoller's state law claims in the present order.  The Court will address Stoller's constitutional claims in a separate order.  After that order issues, the Court will set a deadline for Stoller to amend his pleadings accordingly.

For the following reasons, the Court grants in part with prejudice, grants in part without prejudice, and denies in part Defendants' motions to dismiss Stoller's state law claims.  More

specifically, the Court grants River Grove's and Elmwood Park's motions to dismiss the malicious prosecution claim alleged in Count XVII, the negligent and intentional infliction of emotional distress claims in Counts XVIII and XIX , and the defamation claim in Count XX with prejudice.  The Court also grants the County Defendants' motion to dismiss Stoller's defamation claim as alleged in Count XX and malicious prosecution claims as alleged in Counts XIV and XVII without prejudice and grants Stoller leave to amend his these allegations — if possible under counsel's Rule 11 obligations.  Further, the Court denies the County Defendants' motion to dismiss the malicious prosecution claim alleged in Count XVI.  The Court also strikes Stoller's punitive damages allegations against River Grove, Elmwood Park, and the County Defendants, except for the named Cook County Correctional Officers.  *See* 745 ILCS 10/2-102.

Furthermore, the Court dismisses John Doe Defendants 1-7 with prejudice from this lawsuit.  Because the Court is dismissing John Doe Defendants 1-7, the Cook County Defendants, Elmwood Park, and River Grove must file supplemental briefs in light of this ruling in the context of the remaining claims against them by no later than May 31, 2013.  At that time, the County Defendants must develop their argument — made for the first time in their reply brief — that Stoller did not properly serve certain named officers.  Stoller's response to the supplemental briefs shall be filed on or before June 14, 2013.  Thereafter, the Court will rule on Defendants' motions to dismiss Stoller's constitutional claims.

## LEGAL STANDARDS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted."  *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

Courts construe pro se allegations liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation and internal quotation marks omitted). Here, Plaintiff has retained counsel, although counsel admits that his client drafted the Third Amended Complaint. Under these circumstances, Plaintiff does not get the advantage of the Court applying the more generous standard for pro se litigants. *See, e.g., Alam v. Miller Brewing Co.,* 709 F.3d 662, 669 (7th Cir. 2013). The Court reminds Plaintiff's counsel of their duties and obligations under Federal Rule of Civil Procedure 11, including that by presenting Plaintiff's Third Amended Complaint to the Court, counsel certified that Plaintiff's allegations (1) "are not being presented for any improper purpose, (2) the claims and contentions are

warranted by existing law, and (3) the allegations and factual contentions have evidentiary support." *United States Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 469 (7th Cir. 2005).

## BACKGROUND

Construing his allegations in Stoller's favor, he maintains that his lawsuit arises from three separate incidents of arrest and detainment in the Cook County Jail for the following time periods: (1) on or about February 25, 2009 through March 8, 2009; (2) on or about June 8, 2009 through July 15, 2009; and (3) on or about January 26, 2011 through April 6, 2011. (R. 1, Third Am. Compl. ¶¶ 6, 12, 67–73.) The Court discusses each incident separately.

## I. First Incident

First, Stoller alleges that on February 25, 2009, Cook County Sheriff Deputies apprehended him in the Honorable Renee Goldfarb's courtroom in the Circuit Court of Cook County pursuant to a court order issued by Judge Goldfarb. (*Id.* ¶¶ 13, 16.) The order, which concerned a contempt charge against Stoller, stated in full:

> In the case of the amended third petition for adjudication of indirect criminal contempt, after hearing testimony and argument by counsel, it is hereby ordered that Leo Stoller be remanded to the custody of the Cook County Department of Corrections for an immediate evaluation (BCX)[1] to be performed at Cermak Hospital. Leo Stoller is to be released from the Cook County Department of Corrections immediately upon the completion of the BCX evaluation. The report is due on the next court date of March 23, 2009 at 9:30 a.m.

(*Id.* ¶ 16; *see* Ex. 1.)

Stoller further maintains that officers of the Cook County Department of Corrections ("CCDOC") took him from Judge Goldfarb's courtroom to the Cook County Jail, Division 2, at

---

[1] A "BCX" evaluation is a "behavioral clinical examination."

4

26th and California Streets in Chicago, Illinois. (*Id.* ¶ 19.) He alleges that he was confined for the next nine days during which he never received a BCX evaluation. (*Id.*) Instead, shortly after his arrival, the head psychologist for Cook County Jail informed Stoller that "Cermak Hospital does not perform BCX examinations." (*Id.* ¶ 15.) Stoller then showed Judge Goldfarb's order to an officer at Cook County Jail, who responded, "That piece of paper does not mean anything to us!" (*Id.* ¶ 17.)

While in custody on February 27, 2009, Stoller complained of chest pains and was taken to Cermak Hospital. (*Id.* ¶ 111.) When he arrived, Stoller showed the order to an individual named Officer Cobbs, who responded, "Cermak Hospital does not have to obey any court orders!" (*Id.* ¶ 18.) CCDOC personnel then transported Stoller to John H. Stroger Hospital of Cook County, where nurses and doctors treated him for chest pains and heart palpitations. (*Id.* ¶ 23; *see* Ex. 3.) On February 28, 2009, CCDOC personnel transported Stoller back to Cook County Jail where he remained until Judge Goldfarb terminated her court order on or around March 6, 2009. (*Id.* ¶ 95.)

## II.    Second Incident

Next, Stoller alleges that he was arrested on June 8, 2009 and held in Cook County Jail until July 15, 2009. (*Id.* ¶¶ 67–73, 81–86.) Stoller maintains that when he arrived, he was strip-searched. (*Id.* ¶ 90.) Shortly thereafter, Stoller contends that an individual named Officer Cano confiscated his glasses. (*Id.* ¶ 83.) Stoller's attorney, Barry Boykin, attempted to bring Stoller another pair of glasses, but jail officers prevented Boykin from giving the glasses to Stoller. (*Id.*) As a result, Stoller could not read while in custody. (*Id.*) In addition, Stoller maintains that jail officers denied him access to the law library and that the loud music in the jail caused

him to have chest pains.  (*Id.* ¶¶ 85–86.)

## III.    Third Incident

Stoller asserts that on January 21, 2011, his ex-wife Nancy Reich filed a false complaint

against him stating the he had violated an order of protection.  (*Id.* ¶ 20.)  Stoller further

contends that on January 26, 2011, Elmwood Park police officers arrested him in response to

Reich's complaint.  (*Id.* ¶¶ 5, 20–21, 42; *see* Ex. 4.)  According to Stoller, River Grove and

Elmwood Park police officers John Does 2-7 falsely arrested him and incarcerated him on

January 26, 2011 by using a River Grove Water Department work truck to gain access to him at

his office.  (*Id*. ¶¶ 6, 28.)  He claims that on January 26, 2011, authorities issued a $100,000 cash

bond and transported him to the Cook County Jail.  (*Id.* ¶ 21.)  Stoller further states that he was

released on or around April 5, 2011.  (*Id.*)  Also, he alleges that he was involved in a jury trial in

Maywood, Illinois and that on April 6, 2011, the jury found him not guilty on all charges.  (*Id.*)

## IV.    Stoller's State Law Claims

In Count XIV, Stoller brings a malicious prosecution claim against the Cook County

Defendants based on his February 25, 2009 and January 26, 2011 arrests.  Stoller also brings a

malicious prosecution claim against the Cook County Defendants, including certain named

Correctional Officers, for his February 25, 2009 arrest in Count XVI.  In Count XVII, Stoller

alleges that River Grove, Elmwood Park, and the Cook County Defendants maliciously

prosecuted him based on his January 26, 2011 arrest.  In Counts XVIII and XIX, Stoller brings

common law intentional and negligent infliction of emotional distress claims against River

Grove, Elmwood Park, the Cook County Defendants, John Does 1-7, and certain named

Correctional Officers based on all three arrests and periods of confinement.  Last, in Count XX,

Stoller alleges a common law defamation claim against River Grove, Elmwood Park, the Cook County Defendants, John Does 1-7, and certain named Correctional Officers.

**ANALYSIS**

## I. Proper Defendants

The Village of River Grove and the Village of Elmwood Park are the proper Defendants to this lawsuit because their police departments are not suable entities separate from the municipalities. *See Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't,* 510 F.3d 681, 694 (7th Cir. 2007). The Court therefore substitutes the Villages of River Grove and Elmwood Park as Defendants to this lawsuit. Likewise, because the Cook County Department of Corrections ("CCDOC") is not a suable entity, the Court dismisses the CCDOC as a Defendant to this lawsuit. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993).

Although Cook County cannot be held vicariously liable for the Sheriff's Office's alleged misconduct, because Illinois counties have the duty to indemnify judgments against county sheriffs in their official capacity, Cook County is a necessary party to this lawsuit. *See Askew v. Sheriff of Cook County,* 568 F.3d 632, 636–37 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003); *Moy v. County of Cook,* 159 Ill.2d 519, 528-32, 203 Ill.Dec. 776, 640 N.E.2d 926 (1994).

## II. John Doe Defendants — Counts XVIII, XIX, and XX

Stoller brings his intentional and negligent infliction of emotional distress claims and his defamation claim against John Doe Defendants 1-7, as well as against certain named Correctional Officers, Elmwood Park, River Grove, and the Cook County Defendants. In

response to Elmwood Park's argument that Stoller has failed to identify the individual police officers, Stoller requests discovery so that he can identify the John Doe Defendants. Stoller also mentions substituting new defendants under Rule 15(c) in his response to River Grove's motion to dismiss. Stoller's attempt to identify Defendant Officers and substitute them in place of the John Doe Defendants is untimely because "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose." *Joseph v. Elan Motorsports Tech. Racing Corp.,* 638 F.3d 555, 560 (7th Cir. 2011) (citation omitted). Pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act, the limitations period for Stoller's state law tort claims is one year from the time the cause of action accrued. *See* 745 ILCS 10/8-1; *Evans v. City of Chicago,* 434 F.3d 916, 934 (7th Cir. 2006) ("The limitations period for tort claims, such as intentional infliction of emotional distress, against governmental entities and their employees [] is only one year."). Under Illinois law, a "cause of action 'accrues' when facts exist that authorize the bringing of a cause of action," *see Khan v. Deutsche Bank AG,* 978 N.E.2d 1020, 1028, 365 Ill.Dec. 517, 525 (Ill. 2012), and "for tort actions, the cause of action generally accrues at the time of the injury." *State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.,* 394 Ill.App.3d 548, 565, 914 N.E.2d 577, 333 Ill.Dec. 158 (1st Dist. 2009). Because it is undisputed that the one year limitations period under the Illinois Tort Immunity Act has run in relation to naming the individual River Grove or Elmwood Park police officers and any other Correctional Officers, the Court turns to whether any such amendment to the parties relates back under Rule 15(c).

Rule 15(c)(1)(C) governs when a litigant can change a party after the limitations period has run and only permits an amendment to relate back if there has been a mistake in identifying

the proper party. *See Hall v. Norfolk Southern Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006); *King v. One Unknown Federal Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000). It well-established in this Circuit that a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity." *Gomez v. Randle,* 680 F.3d 859, 864 n.1 (7th Cir. 2012) (citing *Baskin v. City of Des Plaines,* 138 F.3d 701, 704 (7th Cir. 1998)). In sum, courts "do not permit relation back under Federal Rule of Civil Procedure 15(c)(1)(C) where the plaintiff simply did not know whom to sue." *Vance v. Rumsfeld,* 701 F.3d 193, 211 (7th Cir. 2012) (Wood, J., concurring).[2]

Thus, under the circumstances, Stoller was required to name the individual John Doe Defendants one year after the events in February 2009, June 2009, and January 2011 for his state court claims and two years after these events for his constitutional claims. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("In Illinois, the statute of limitations period for § 1983 claims is two years."). It is undisputed that Stoller has failed to do so. While in state court, Stoller could have taken advantage of Illinois Supreme Court Rule 224 that allows pre-suit discovery to determine the identities of unknown defendants. *See Allen v. Peoria Park Dist.,* 968 N.E.2d 1199, 1202, 360 Ill.Dec. 446, 449 (3d Dist. 2012). Specifically, Rule 224 states: "A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Ill.S.Ct.R. 224(a). In short, Stoller knew that certain police officers arrested him

---

[2] Stoller's reliance on *Sprague Farms, Inc. v. Providian Corp.,* 929 F.Supp. 1125 (C.D. Ill. 1996), is misplaced because *Sprague Farms* does not discuss Rule 15(c)(1)(C).

and were involved in his alleged state and federal law violations, yet he "simply failed to ferret out their identity (by discovery or otherwise) and name them within the applicable limitations period." *Elliot v. Price,* No. 10-cv-069-MJR-SCW, 2011 WL 3439240, at *7 (S.D. Ill. Aug. 5, 2011).

Stoller's failure to attempt to identify the John Doe Defendants until he filed his response brief on February 11, 2013 further indicates that he was not diligent in seeking the John Doe Defendants' identities, and thus equitable tolling does not apply under the circumstances. *See Credit Suisse Sec. (USA) LLC v. Simmonds,* ___ U.S. ___, 132 S.Ct. 1414, 1419-20, 182 L.Ed.2d 446 (2012); *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). More specifically, Stoller did not pursue his rights diligently and there is no indication that any extraordinary circumstances prevented him from identifying the individual defendants — requirements that must be fulfilled to establish equitable estoppel. *See Socha v. Pollard,* 621 F.3d 667, 672 (7th Cir. 2010). The Court therefore dismisses John Doe Defendants 1-7 from this lawsuit.

Because the Court dismisses John Doe Defendants 1-7 from this lawsuit, Stoller cannot maintain his negligent and intentional infliction of emotional distress claims nor his defamation claim against River Grove and Elmwood Park. *See* 745 ILCS 10/2–109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."); *see also Oxford Bank & Trust and Fifth Ave. Prop. Mgmt. v. Village of La Grange,* 879 F.Supp.2d 954, 966 (N.D. Ill. 2012) ("Because the Village cannot be liable for its agents' actions to a greater extent than the agents themselves, the state law claims against the Village" are denied). Nevertheless, because Stoller identifies certain Cook County Correctional Officers

by name, he may bring these claims as alleged in Counts XVIII, XIX, and XX against the Cook County Defendants.

### III. Malicious Prosecution Claims — Counts XIV, XVI, and XVII

In his malicious prosecution claims as alleged in Count XIV and XVII, Stoller fails to bring any allegations against individual Cook County Correctional Officers. Because Stoller has named certain Cook County Correctional Officers in his Third Amended Complaint in other counts, the Court grants him leave to amend Count XIV and XVII to include individual Correctional Officers — if possible under counsel's Rule 11 obligations. The Court, however, dismisses Elmwood Park and River Grove from Stoller's malicious prosecution claim as alleged in Count XVII for the reasons stated above.

### IV. Defamation — Count XX

In Count XX, Stoller alleges a defamation claim against all Defendants based on the publication of a letter. Under Illinois law, "[d]efamation is the publication of a false statement that 'tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.'" *Lott v. Levitt,* 556 F.3d 564, 568 (7th Cir. 2009) (citation omitted). The elements of a defamation claim under Illinois law include, "(1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) this publication caused damages." *See Coghlan v. Beck,* 984 N.E.2d 132, 145, ___ Ill.Dec. ___ (1st Dist. 2013).

As discussed, the Court grants River Grove's and Elmwood Park's motions to dismiss Count XX against them and their individual police officers, as well as John Doe 1. Stoller, however, also brings this claim against certain named Correctional Officers, therefore, he may

bring a defamation claim against the County Defendants. Viewing Stoller's allegations in his favor, however, the Court dismisses his defamation claim without prejudice because his allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (citation omitted). To clarify, Stoller does not identify which County Defendants published this letter and the date of the letter at issue. Without more, Stoller has failed to put the County Defendants on notice of his claims and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555. Also, under the circumstances, the Court cannot discern whether Stoller's defamation claim is timely. The Court grants Stoller leave to amend his defamation claim. As discussed above, the Court will set a deadline for Stoller to amend his allegations after it rules on the remainder of Defendants' motions to dismiss.

## V.     Punitive Damages

On a final note, Stoller is seeking $100 million in compensatory and punitive damages, along with attorney's fees. Because local public entities are not liable for the payment of punitive or exemplary damages, the Court strikes the punitive damages allegations against River Grove, Elmwood Park, and the County Defendants, except for the individual Cook County Correctional Officers named in Stoller's Third Amended Complaint. *See* 745 ILCS 10/2-102.

## CONCLUSION

The Court grants in part with prejudice, grants in part without prejudice, and denies in part Defendants' motions to dismiss. The Court substitutes the Villages of River Grove and Elmwood Park as Defendants to this lawsuit in lieu of their police departments and dismisses the CCDOC as a Defendant to this lawsuit with prejudice. The Court also dismisses John Doe Defendants 1-7 from this lawsuit with prejudice.

**Date:** May 17, 2012

**ENTERED**

**AMY J. ST EVE**
**United States District Court Judge**