# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4928 | **DATE** | 7/11/2013 |
| **CASE TITLE** | Stoller vs. Cook County et al. | | |

**DOCKET ENTRY TEXT**

The Court dismisses Plaintiff's constitutional claims brought in his Third Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b) and declines to exercise its supplemental jurisdiction over the remaining state law claim. See 28 U.S.C. 1367(c)(3). The remainder of defendants' motions to dismiss [25][28][32] are granted. The Court thus remands this matter to the the Circuit Court of Cook County, Illinois, Law Division. The Clerk is directed to transmit a certified copy of this order to the state court forthwith.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     On May 22, 2012, Plaintiff Leo Stoller filed a twenty-count Third Amended Complaint in the Circuit Court of Cook County, Illinois, Law Division, alleging that Defendants had violated his constitutional rights, as well as state law claims. On June 21, 2012, Defendants Cook County, Cook County Sheriff Thomas Dart, Cook County Department of Corrections (the "Cook County Defendants"), the Village of Elmwood ("Elmwood Park"), and the Village of River Grove ("River Grove"), along with the individual named Defendants, removed this lawsuit pursuant to the Court's original and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a).

     On May 17, 2013, the Court granted in part with prejudice, granted in part without prejudice, and denied in part Defendants' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss Stoller's state law claims. In particular, the Court granted River Grove's and Elmwood Park's motions to dismiss the malicious prosecution claims alleged in Count XVII, the negligent and intentional infliction of emotional distress claims in Counts XVIII and XIX, and the defamation claims in Count XX with prejudice.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

The Court also granted the County Defendants' motion to dismiss Stoller's defamation claim as alleged in Count XX and malicious prosecution claims as alleged in Counts XIV and XVII without prejudice and denied the County Defendants' motion to dismiss the malicious prosecution claim alleged in Count XVI. In addition, the Court also dismissed John Doe Defendants 1-7 with prejudice from this lawsuit. Further, the Court substituted the Villages of River Grove and Elmwood Park as Defendants to this lawsuit in lieu of their police departments and dismissed the Cook County Department of Corrections as a Defendant to this lawsuit with prejudice. Finally, the Court struck Stoller's punitive damages allegations against the relevant municipalities. *See* 745 ILCS 10/2-102. The Court presumes familiarity with its May 17, 2013, Memorandum, Opinion, and Order.

Because the Court dismissed John Doe Defendants 1-7, the Court directed the parties to file supplemental briefs as to Stoller's constitutional claims. Defendants filed their supplemental briefs, but as of the briefing deadline, June 14, 2013, Stoller had not. At a June 25, 2013, status hearing, the Court extended Stoller's deadline to file a supplemental brief on his constitutional claims until July 9, 2013. At the June 25 status hearing, Stoller's counsel explained that he was unsure whether he would continue to pursue the constitutional claims. The Court then explained to counsel that failure to file a supplemental brief on or before July 9, 2013 would result in the Court dismissing Stoller's constitutional claims on the grounds that Stoller did not want to pursue these claims.

To date, Stoller has failed to file a supplemental brief on his constitutional claims. Accordingly, the Court dismisses all of Stoller's constitutional claims, namely, Counts I through XIII and Count XV for failure to prosecute. *See* Fed.R.Civ.P. 41(b). Meanwhile, there are no remaining state law claims against the River Grove and Elmwood Park Defendants, and, as discussed, the only remaining state law claim against the Cook County Defendants is a malicious prosecution claim as alleged in Count XVI, although the dismissal of the other malicious prosecution claims as alleged in Counts XIV and XVII and Stoller's defamation claim as alleged in Count XX was without prejudice.

Because the Court is dismissing Stoller's constitutional claims over which the Court has original jurisdiction, *see* 28 U.S.C. § 1331, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 479 (7th Cir. 2012). As the Seventh Circuit teaches, "[a]lthough the decision is discretionary, '[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *Id.* (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010)); *see also Hansen v. Board of Trs. of Hamilton Se. Sch. Corp.,* 551 F.3d 599, 607 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)."). This presumption may be rebutted, "but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co.,* 672 F.3d at 479-80 (citations omitted).

The Seventh Circuit has identified certain factors that may rebut the presumption that a district court will relinquish federal jurisdiction pursuant to 28 U.S.C. § 1367(c), including,

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* (quoting *Sharp Elec. Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 505, 515 (7th Cir. 2009)); *see also Hansen,* 551 F.3d at 608.

First, the remaining malicious prosecution claim in Count XVI against the County Defendants based on Stoller's February 25, 2009 arrest is subject to a one-year limitations period.  *See* 745 ILCS 10/8–101(a). Because Stoller filed his original complaint — which included this malicious prosecution claim — in the Circuit Court of Cook County, Illinois, Law Division on February 20, 2010, this claim is timely under the one-year limitations period.  Thus, this factor weighs in favor of the Court exercising its discretion to relinquish its supplemental jurisdiction.

Next, the Court has not expended a considerable amount of judicial resources due to the procedural posture of this case.  *See RWJ Mgmt.,* 672 F.3d at 481 ("concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims").  Similarly, it is not absolutely clear how this claim will be decided.  Therefore, these two factors also weigh in favor of remanding this matter to the state court.  Accordingly, the Court, in its discretion, declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).